UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 08-01-GWU

| | |
|---|---|
| TOSHA ROSE, | PLAINTIFF, |
| VS. | **MEMORANDUM OPINION** |
| MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL SECURITY, | DEFENDANT. |

**INTRODUCTION**

Tosha Rose brought this action to obtain judicial review of an unfavorable administrative decision on her applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the court on cross-motions for summary judgment.

**APPLICABLE LAW**

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or

    mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

  Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial

08-01 Tosha Rose

evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's

3

08-01  Tosha Rose

instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

08-01  Tosha Rose

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. § 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . .

manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.  In such cases, the agency may be required to consult a vocational specialist.  Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985).  Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments.  Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Rose, a 26-year-old former factory worker and fast food worker with a 12th grade education, suffered from impairments related to migraine headaches, a major depression and a panic disorder.  (Tr. 20-21).  While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of work at all exertional levels.  (Tr. 28).  Since the available work was found to constitute a significant number of jobs in the

national economy, the claimant could not be considered totally disabled.  (Tr. 28-29).  The ALJ based this decision, in large part, upon the testimony of a vocational expert.  (Tr. 27).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert William Ellis included such non-exertional limitations as (1) a "limited but satisfactory" ability in such areas as following work rules, dealing with the public, relating to co-workers, interacting with supervisors, dealing with stress or demonstrating reliability and (2) a "seriously limited but not precluded" ability to behave in an emotionally stable manner.  (Tr. 922).  No exertional restrictions were given.  (Id.).  In response, the witness identified a significant number of jobs in the national economy which could still be performed.  (Tr. 923).  Therefore, assuming that the vocational factors considered by Ellis fairly characterized the plaintiff's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

The hypothetical question fairly depicted Rose's condition as required by <u>Varley</u>.  Despite extensive medical treatment for physical complaints relating to migraine headaches, jaw problems, ear problems, abdominal pain, cysts, skin lesions and back problems, no treating or examining source of record, including Dr. Howard Lynd (Tr. 146-147), Dr. Amr El-Naggar (Tr. 148-151), Dr. France Cambi (Tr.

08-01  Tosha Rose

152), Dr. Kevin Kavanagh (Tr. 153-167), the staff at the Spine and Brain Neurosurgical Center (Tr. 174-183), the staff at Lake Cumberland Regional Hospital (Tr. 209-494, 701-770, 834-849), the staff at Fort Logan Hospital (Tr. 495-554, 800-807), the staff at Urgent Medical Care (Tr. 578-604), Dr. Karim Rasheed (Tr. 605-623), Dr. Betsy Reynolds (Tr. 629-642), Dr. Charles Dyer (Tr. 643-651, 771-774), the staff at Kentucky Family Care (Tr. 775-777), Dr. Chris Sims (Tr. 778-780), Dr. Rick Gross (Tr. 781-786), the staff at Central Kentucky Pain Management (Tr. 787-791A), Dr. Hossein Fallahzadeh (Tr. 796-798), Dr. Chris Frost (Tr. 808-811), Dr. Ben Alderdice (Tr. 812-813), Dr. P.D. Patel (Tr. 814-820), Dr. John Gilbert (Tr. 821), and Dr. John Rodriguez (Tr. 852-859) reported the existence of more severe physical limitations than those found by the ALJ.  Dr. Timothy Gregg, a non-examining medical reviewer, opined that the plaintiff's symptoms were not well supported in the medical record.  (Tr. 173).  These reports provide substantial evidence to support the ALJ's findings with regard to the claimant's physical status.

    The ALJ also dealt properly with the evidence of record relating to Rose's mental condition.  Christopher Catt, a licensed clinical psychologist, examined the plaintiff and diagnosed a pain disorder due to both psychological factors and general medical conditions, a major depression, a generalized anxiety disorder, and histrionic and dependent personality features.[1]  (Tr. 187).  Catt rated the claimant's

---

[1] This report was also signed by Greg Lynch, a temporary licensed psychologist. (Tr. 188).  However, Catt signed the document as well and the transcription of the report

08-01  Tosha Rose

Global Assessment of Functioning (GAF) at 55. (Id.). Such a GAF suggests the existence of "moderate" psychological symptoms according to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (4th Ed.--Text Revision), p. 34. The examiner indicated that Rose would have a "moderate" limitation of ability to tolerate the stress and pressures of work activity as well as respond appropriately to supervision or co-workers. (Tr. 188). The mental factors of the hypothetical question were consistent with this opinion.

Rose was seen for treatment at Mountain View Behavior (Tr. 792-795) and by Psychologist William Dungan (Tr. 822-833). Neither mental health source identified the existence of more severe mental limitations than those found by the ALJ.

Psychologists Lea Perritt (Tr. 204-205) and Ed Ross (Tr. 569-570), each reviewed the record and opined that Rose would be "moderately limited" in such areas as (1) understanding, remembering and carrying out detailed instructions; (2) working in coordination with others; (3) completing a normal work week or work day without interruptions from psychologically-based symptoms and performing at a consistent pace without an unreasonable length and number of rest periods; (4) interacting appropriately with the general public; (5) asking simple questions or requesting assistance; (6) accepting instructions and responding appropriately to

---

was made from a recording of his voice. (Id.).

08-01  Tosha Rose

criticism from supervisors; (7) getting along with co-workers or peers without distracting them or exhibiting behavioral extremes; and (8) maintaining socially appropriate behavior and standards of cleanliness.  These restrictions do not alone suggest a totally disabling condition.  To the extent that these mental limitations might be considered more severe than those found by the ALJ, they are outweighed by the opinion of Catt, the examining source, since the administrative regulations provide that "generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you."  20 C.F.R. § 404.1527(d)(1).  Therefore, these opinions do not support the plaintiff's claim.

Dr. Syed Umar, a treating source, identified a number of very severe mental restrictions on a Mental Residual Functional Capacity Form including "marked" limitation of ability in such area as handling short instructions, maintaining attention and concentration, maintaining regular attendance and punctuality, sustaining ordinary routine without special supervision, working in coordination or proximity to others without being distracted by them, completing a normal work day and work week without interruption from psychologically-based symptoms, performing routine tasks at a consistent pace, accepting instructions from and responding appropriately to criticism from supervisors, getting along with co-workers or peers without distracting them and responding to changes in a routine work setting. (Tr. 575-576).

08-01  Tosha Rose

These are very serious mental restrictions which Rose asserts support her claim of disabled status.

The ALJ rejected Dr. Umar's opinion as binding because he did not believe that the limitations were consistent with the overall record. (Tr. 26). The ALJ noted the relatively modest findings contained in Catt's report with the examiner noting no deficiencies in the plaintiff's ability to maintain attention, concentration or recall. (Tr. 25). Catt indicated normal findings with regard to her ability for abstract thinking and fund of information. (Id.). The ALJ also indicated that the findings contained in Dr. Umar's treatment records did not reveal a mental condition as severe as indicated in his mental assessment. (Tr. 26). The treatment notes repeatedly report an appropriate or calm affect. (Tr. 656, 668, 671, 675, 676, 683, 850). Rose was also repeatedly noted to have a healthy appearance. (Tr. 654, 656, 675-676, 678, 680, 683 685, 686, 687, 690, 693-696). The undersigned agrees with the ALJ that these modest findings are not consistent with the existence of a totally disabling mental condition. Therefore, under these circumstances, the ALJ acted properly in rejecting the opinion of Dr. Umar.

Rose also argues that the ALJ did not properly evaluate her subjective pain complaints. Pain complaints are to be evaluated under the standards announced in <u>Duncan v. Secretary of Health and Human Services</u>, 801 F.2d 847, 853 (6th Cir. 1986): there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain

11

08-01  Tosha Rose

arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

In the present action, Rose was found to be suffering from a potentially painful condition. However, even if she could be found to have satisfied the first prong of the so-called <u>Duncan</u> test, the claimant does not meet either of the alternative second prongs. In April of 2004, an EEG was normal. (Tr. 816). Also in April of 2004, an MRI scan of the plaintiff's brain revealed a large area of infiltrative signal intensity in the medial aspect of the right temporal lobe but was otherwise normal. (Tr. 143). However, Dr. El Naggar reported that in the absence of any history of seizures or difficult birth, this was a benign finding. (Tr. 151). An MRI scan of the claimant's cervical spine was unremarkable in June of 2004. (Tr. 627). An MRI scan of the lumbar spine in August of 2004 was normal. (Tr. 626). In October of 2004, an MRI scan of the hip and pelvis was noted to be normal. (Tr. 178). In March of 2005, an EGD was unremarkable. (Tr. 643). An ultrasound of the right upper quadrant in August of 2005 was negative. (Tr. 624). An updated MRI scan of Rose's brain in January of 2006 revealed no change from the earlier findings. (Tr. 779). Dr. El Naggar noted that examination revealed the claimant to be neurologically intact. (Tr. 151). Therefore, the medical evidence does not appear sufficient to confirm the severity of the alleged pain and objective medical evidence would not appear to be consistent with the plaintiff's claims of disabling

08-01  Tosha Rose

pain.  Therefore, the ALJ would appear to have properly evaluated Rose's pain complaints.

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 17th day of December, 2008.

Signed By:

G. Wix Unthank

United States Senior Judge